462 A.2d 250

**COMMONWEALTH of Pennsylvania**

v.

**Samuel Eugene MAXFIELD, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1983.

Filed June 24, 1983.

Robert Bruce Evanick, Public Defender, York, for appellant.

Floyd Paul Jones, Assistant District Attorney, York, for Commonwealth, appellee.

Before CERCONE, President Judge, and CIRILLO, and HOFFMAN, JJ.

CERCONE, President Judge:

This is a direct appeal from judgment of sentence entered after the lower court denied appellant's motion in arrest of judgment on a robbery conviction.[1] The lower court concludes in its opinion pursuant to Pa.R.A.P. 1925, that it erred in denying appellant's motion in arrest of judgment as to his robbery conviction. That is, the lower court re-examined the evidence as presented at trial and concluded that it did not support a finding that appellant knew that his co-defendant took a rape victim's wallet, of which rape appellant was found guilty, nor that appellant acted as an accomplice with his co-defendant in securing the wallet.[2] However, because the case was no longer within the lower court's jurisdiction, it having been appealed to our Court, the lower court had no authority to rectify the error made.

Inasmuch as the lower court admits the error of its decision, we shall remand the matter to the lower court to

1. Appellant was also convicted of rape in connection with the same criminal episode, but has preserved no issues as to that conviction.

2. Although appellant's argument is framed in terms of court error in refusing to grant his demurrer which was lost as an appealable issue when appellant elected to present his case, it is considered as court error in refusing to grant appellant's motion in arrest of judgment. *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976).

reconsider its denial of appellant's motion in arrest of judgment based upon its Rule 1925 opinion.

Judgment of sentence vacated and case remanded to the lower court.[3]

**3.** Our decision renders appellant's second contention moot. Thus, we will not discuss it.